## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| Jose Luis Morales-Perez and<br>Angel de Jesus Lopez-Russell,<br><br>        Plaintiffs,<br><br>v.<br><br>Stone Forestry Services, Inc.,<br>Juan Campos, and Randy Stone,<br><br>        Defendants. | C.A. No.: 2:15-cv-948-PMD<br><br>**ORDER** |

      This matter is before the Court on Plaintiffs' Motion to Join Parties Plaintiff and for Leave to File Amended Complaint (ECF No. 25). For the reasons set forth herein, the Court denies Plaintiffs' motion.

### BACKGROUND/PROCEDURAL HISTORY

      Plaintiff Jose Luis Morales-Perez is a Mexican citizen who came to this country to work under the H-2B visa program. He filed this action on February 27, 2015, claiming Defendants failed to pay him wages to which he is entitled, to reimburse him for expenses he incurred in coming to and living in America, and to provide him lodging. Morales-Perez asserted claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. § 1801 *et seq.*, and the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10 *et seq.* He also asserted a South Carolina common-law breach of contract claim.

      Plaintiff Angel de Jesus Lopez-Russell was one of Morales-Perez's co-workers. He joined this case on April 22, 2015, when he and Morales-Perez filed an amended complaint. In

addition to bringing in Lopez-Russell, the amended complaint revised some of the original complaint's allegations.

On June 2, 2015, this Court entered a scheduling order. The order provides, *inter alia*, that "Motions to join other parties and amend the pleadings shall be filed no later than **July 24, 2015.**" (Sched. Order, ECF No. 21, at 1.) That deadline passed without any party filing a motion to amend, to add a party, or to modify the scheduling order.

On September 8, 2015, Plaintiffs filed the present motion. They seek leave to file a second amended complaint that would join four more of their co-workers as plaintiffs, add allegations related to those four new plaintiffs, and add a claim under 18 U.S.C. § 1592. Defendants filed a Response in opposition on September 25.

## DISCUSSION

A motion to amend a pleading in order to join additional parties implicates Rules 15(a)(2) and 20(a) of the Federal Rules of Civil Procedure. *See Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 618 (4th Cir. 2001) ("[A] court determining whether to grant a motion to amend to join additional plaintiffs must consider both the general principles of amendment provided by Rule 15(a) and also the more specific joinder provisions of Rule 20(a)."). If the motion is filed after the applicable scheduling order deadline has expired, Rule 16(b)(4) imposes an additional layer of analysis. *See Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) ("[A]after the deadlines provided by a scheduling order have passed, the good cause standard [of Rule 16(b)(4)] must be satisfied to justify leave to amend the pleadings."). Before the motion is analyzed on its merits, the moving party must prove there is "good cause" for modifying the already-expired amendment deadline so as to make the motion retroactively timely. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's

consent."); *Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997) ("Once a scheduling order's deadline for amendment of pleadings has passed, a movant must *first* demonstrate to the court that it has a 'good cause' for seeking modification of the scheduling deadline under Rule 16(b). If the movant satisfies Rule 16(b)'s 'good cause' standard, it must *then* pass the requirements for amendment under Rule 15(a).").

Because the good-cause standard of Rule 16(b)(4) requires courts to focus on the moving party's reasons for failing to seek amendment before the scheduling order's deadline, "the primary consideration is the diligence of the moving party." *Montgomery v. Anne Arundel Cty.*, 182 F. App'x 156, 162 (4th Cir. 2006). Plaintiffs do not contend that they could not have filed their motion before the scheduling order's deadline passed. Indeed, they do not even acknowledge the deadline or the untimeliness of their motion. Because Plaintiffs have not shown they were diligent, they have not met their burden of proving good cause.

If the moving party was not diligent, "the inquiry should end." *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D. Md. 2002) (citation, quotation marks, and emphasis omitted). Thus, the Court will not consider whether Rules 15 or 20 allow any of the proposed amendments.

## CONCLUSION

Therefore, for the foregoing reasons, it is **ORDERED** that Plaintiffs' Motion to Join Parties Plaintiff and for Leave to File Amended Complaint is **DENIED**.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**October 7, 2015**
**Charleston, South Carolina**

3